UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jan H. Lovlie,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>Defendants. | Case No. 24-CV-1502 (SRN/ECW)<br><br><br>**ORDER TO STAY DISCOVERY** |

Jan H. Lovlie, 5021 Vernon Ave. S., Ste. 175, Edina, MN 55436, Pro Se Plaintiff

Ryan Franke, DOJ-Tax Division, 1275 First St. NE, Washington, DC 20002, for Defendant United States of America

M. Gregory Simpson and Megan K. Seavey, Meagher & Geer, P.L.L.P., 33 S. 6th St., Ste. 4300, Minneapolis, MN 55402, for Defendant Manly A. Zimmerman

___

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Stay Discovery [Doc. No. 28] filed by Defendant United States of America and the Motion to Compel Discovery filed by Plaintiff Jan H. Lovlie [Doc. No. 37].

The Government moves for a stay of discovery under Federal Rule of Civil Procedure 26(c) in light of its pending Motion to Dismiss [Doc. No. 16].[1] The Government maintains that Mr. Lovlie's lawsuit involves issues that were previously litigated in *United*

---

[1] Also pending before the Court is the Motion for Judgment on the Pleadings filed by Defendant Manly A. Zimmerman [Doc. No. 23].

1

*States v. Lovlie*, 07-cv-3136 (PAM/JSM) (D. Minn.) ("*Lovlie I*"), a tax assessment action initiated by the IRS in 2007. In the Government's Motion to Stay, it argues that the instant action is barred by res judicata, therefore, discovery will be unnecessary in light of the resolution of its pending dispositive motion. (Gov't's Mem. in Supp. Mot. to Stay [Doc. No. 30] at 4.)

After the Government filed its Motion to Stay, Mr. Lovlie filed the instant Moton to Compel, requesting discovery related to his tax liabilities from 1990 through 1997. (Pl.'s Mot. to Compel at 1–2.) Mr. Lovlie's tax liabilities for this period were at issue in *Lovlie I*. (*Lovlie I*, Compl. [Doc. No. 1] ¶¶ 11, 16.)

Federal Rule of Civil Procedure 26(c) permits a Court to enter a protective order to "protect a party . . . from . . . oppression, or undue burden or expense" in various ways related to discovery, if the movant has demonstrated good cause. Fed. R. Civ. P. 26(c)(1)(A), (B), (C), (D). Courts are to make such determinations on a case-by-case basis, as the inquiry is dependent "on the particular circumstances and posture of each case." *Zutz v. Nelson*, No. 08-cv-958 (JNE/RLE), 2009 WL 10711548, at *3 (D. Minn. Jan. 12, 2009) (citation omitted). In making this determination, a court must balance the harm caused by a delay in discovery against the possibility that the dispositive motion may obviate the need for any such discovery. *Id.* (citation omitted).

While the pendency of a dispositive motion, standing alone, may be insufficient to grant relief, *id.*, the court in *Zutz* found that two of the defendant-movants had demonstrated good cause for a stay of discovery. Similar to the facts here, two of the *Zutz* defendants, Nelson and Stroble, had argued in their pending motion for judgment on the pleadings that

2

the plaintiff's claims against them were barred by res judicata. 2009 WL 10711548 at *3–4. The court granted their motion for a stay and explained, "[A]ny delay in discovery is substantially outweighed by the possibility that the District Court's ruling on Nelson and Stroble's dispositive Motion will either obviate the need for further discovery, or further define the areas for which discovery will be necessary." *Id*. at *4.

Good cause also exists here as to the Government, which asserts res judicata in its Motion to Dismiss, and as to Mr. Zimmerman, who seeks dismissal on two bases, including the statute of limitations.[2] The Court is capable of ruling on these legal issues while discovery is stayed. Any harm caused by a delay in discovery is outweighed by the possibility that the Court's ruling on the pending dispositive motions will eliminate the need for further discovery, along with the accompanying burden and expense. Moreover, this case was only filed on April 24, 2024, and a discovery delay at this early juncture will not significantly prejudice Mr. Lovlie.

Accordingly, the Court grants the Government's motion and stays all discovery in this matter until the Court rules on the pending dispositive motions. If the Court grants the dispositive motions, discovery will be moot. In light of this ruling, the Court also denies without prejudice Mr. Lovlie's Motion to Compel Discovery.

---

[2] While Mr. Zimmerman's primary argument is based on the statute of limitations, he also argues that the Complaint fails to state a claim on which relief can be granted. (Zimmerman Mem. Supp. Mot. for J. on the Pleadings [Doc. No. 26] at 8–14.)

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED THAT**

1. The Motion to Stay Discovery [Doc. No. 28] filed by the United States is **GRANTED**. All discovery in this matter is stayed pending resolution of the Defendants' pending dispositive motions [Doc. Nos. 16 & 23].

2. Plaintiff's Motion to Compel [Doc. No. 37] is **DENIED WITHOUT PREJUDICE**.


Dated: September 6, 2024                     s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge